### HOLMES v. JUNOD.

(Circuit Court of Appeals, Fifth Circuit.   June 4, 1895.)

#### No. 379.

NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.
    In an action to recover damages for a personal injury sustained by a workman by being crushed under an elevator, where there was evidence tending to show that the boy running the elevator and other agents of defendant had been warned to stop it, *held*, that the questions both of negligence and contributory negligence were for the jury.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

This was an action by J. L. Junod against D. H. Holmes to recover damages for personal injuries sustained by being crushed under an elevator while working in the elevator shaft of defendant's building. At the trial, before the case was given to the jury, defendant moved the court to direct a verdict in his favor, which motion was denied. The jury returned a verdict for plaintiff in the sum of $1,500, and judgment was entered accordingly.   Defendant brings error.

E. H. Farrar, B. F. Jonas, E. B. Kruttschnitt, and Hewes T. Gurley, for plaintiff in error.

Charles Louque, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

PARDEE, Circuit Judge, delivered the opinion of the court.

The evidence in the case tended to show that the boy in charge of the elevator and other agents of the plaintiff in error were warned

that the defendant in error was to be put to work in the elevator shaft to do the painting required by the Schneider contract, and that assent was given to the proposal to stop running the elevator while said painting was being done.   Whether this, with the other circumstances shown, was sufficient notice to the plaintiff in error to charge him with negligence in permitting the elevator to be run, whereby the defendant in error was injured, was a proper question for the jury. On the facts, reasonable men might not draw the same inferences as to negligence.   See Railway Co. v. Ives, 144 U. S. 408, 417, 12 Sup. Ct. 679; Gardner v. Railroad Co., 150 U. S. 349, 361, 14 Sup. Ct. 140. The same may be said with regard to the question of contributory negligence on the part of the defendant in error, as the evidence tended to show that he did take certain precautions to protect himself from running the elevator before entering upon the work.   While it is true that from previous experience of the defendant in error while working in the same elevator shaft, as well as from the nature of the work, it may be said that the defendant in error knew the danger of the occupation and assumed the risks thereof, yet it cannot be said that he also assumed the risk of negligence on the part of the plaintiff in error, and whether the plaintiff in error was guilty of negligence, as said above, was a question proper to be determined by the jury.   For these reasons, we are of opinion that the refusal of the trial judge to instruct the jury to find for the defendant in error on the grounds assigned was not erroneous.   This refusal being the only error assigned, the judgment is affirmed.